IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Mack Allen Davis, | Case No. 8:25-cv-02548-JDA-WSB |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Madisen, *Housing Officer*; Ofc. Long, *Housing Officer*; Lt. Shomp; Ofc. Reyes, *Housing Officer*; Cianciolo; Williams; Jenifer, *Nurse Practitioner*; Lawson, *Over Medical*; Dr. Garner, | |
| Defendants. | |

This matter is before the Court on Plaintiff's Complaint and the Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 23.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On June 20, 2025, the Magistrate Judge issued a Report recommending the summary dismissal of Defendants Ofc. Long ("Long"), Lt. Shomp ("Shomp"), Ofc. Reyes ("Reyes"), Cianciolo, Williams, Nurse Practitioner Jenifer ("Jenifer"), Beth Lawson ("Lawson"), and Dr. Steve Garmon ("Garmon")[1]. [Doc. 23.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 18.] On July 10, 2025, the Clerk docketed Plaintiff's objections to the Report. [Doc. 26.] Therein, Plaintiff requests

---

[1] Although Plaintiff lists this Defendant in the caption as "Dr. Garner," he also refers to him at times as "Dr. Steve Garmon." [Doc. 1 at 1, 4, 9, 14.]

appointment of counsel. [*Id.* at 2.] The Clerk filed additional, untimely objections to the Report on October 23, 2025. [Doc. 54.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Magistrate Judge's Report delineates several reasons why Plaintiff's Complaint falls short as to Defendants Long, Shomp, Reyes, Cianciolo, Williams, Jennifer, Lawson, and Garman. [Doc. 23 at 7–17.] Regarding Defendants Reyes, Cianciolo, Long, Shomp, and Williams, "Plaintiff's cursory assertion that he was 'written up,' without more, is insufficient to establish a constitutional violation." [*Id.* at 8; *see also id.* at 10 ("Plaintiff has not alleged facts showing that any disciplinary or segregated confinement as a result of being written[ ]up presented the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." (internal quotation marks omitted)).] Moreover, "Plaintiff's vague and conclusory assertions that [Defendants Reyes, Cianciolo, Long, Shomp, and Williams] harassed him, assaulted him, or used

2

excessive force against him are insufficient to state a claim for relief." [*Id.* at 11.] To the extent Plaintiff sues Defendants Reyes, Cianciolo, Long, Shomp, and Williams under a theory of supervisory liability, the Complaint fails to establish the necessary elements. [*Id.* at 13–14.]

Regarding Shomp in particular, the Complaint does not make out a valid claim regarding interference with the grievance process because "[i]nmates have no federal constitutional right to an inmate grievance system." [*Id*. at 11.] Similarly, "Plaintiff has failed to allege facts showing that he sustained an actual injury from being denied access to the courts." [*Id.* at 13.]

Regarding Plaintiff's claim that Williams shut a door on his foot, "Plaintiff has not alleged facts to establish a Fourteenth Amendment claim for excessive force that is plausible." [*Id.* at 16.]

Finally, regarding Defendants Jenifer, Lawson, and Garmon, "Plaintiff's allegations fail to state a claim for deliberate indifference" because "Plaintiff appears to have received some treatment for his alleged injury" and "has not alleged facts showing that he had a serious medical need that was ignored by Defendants." [*Id.* at 14, 15.]

In his objections, Plaintiff repeats conclusory allegations and does not engage the Magistrate Judge's analysis. [*See generally* Docs. 26; 54]; *see Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("Courts have . . . held de novo review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."). Nevertheless, out of an abundance of caution for the pro se Plaintiff, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such

3

review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, all claims against Defendants Long, Shomp, Reyes, Cianciolo, Williams, Jennifer, Lawson, and Garmon are DISMISSED with prejudice. In addition, the Court DENIES Plaintiff's request for appointed counsel.[2] Plaintiff's claims against Defendant Madisen remain pending.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin  
United States District Judge

November 17, 2025  
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

    Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] There is no constitutional right to appointed counsel in a civil case. *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1971). Although the Court may exercise its discretion to appoint counsel for litigants proceeding pro se, *see* 28 U.S.C. 1915(e)(1), it may do so only in exceptional circumstances, *see Jenkins v. Woodard*, 109 F.4th 242, 248 (4th Cir. 2024) ("The district court must . . . assess (1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities."). Plaintiff's request does not raise any exceptional circumstances that would justify the appointment of counsel. *See Jenkins*, 109 F.4th at 249 (finding "[legal] inexperience and incarceration alone" do not give rise to exceptional circumstances); *Garabedian v. Lanteigne*, No. 1:08-cv-1221-AJT-TRJ, 2009 WL 6871134, at *1 (E.D. Va. Oct. 19, 2009) (finding limited access to a law library does not give rise to exceptional circumstances).